UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY JUNIOR JACKSON,<br><br>                Petitioner,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. CV17-5064 RJB<br><br>CR14-5242 RJB<br><br>ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 |

      This matter comes before the Court on the on Petitioner's "Motion to Expand Record of § 2255 Petition with Affidavit Rule (7)" (Dkt. 4) and Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1). The Court has reviewed the pleadings filed regarding the petition and the remaining file.

      Petitioner seeks 28 U.S.C. §2255 habeas corpus relief from his 144 month sentence imposed after his guilty plea to one count of conspiracy to engage in sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(c). Dkt. 1. He claims that he received ineffective assistance of counsel when: 1) his attorney failed to object to a

miscalculation of his base offense level, 2) "abandoned" him with his contentions at sentencing regarding multiple count adjustments, and 3) "ex post facto cause dealing with supervised release." Dkt. 1. For the reasons set forth below, the motion to expand the record be granted and the petition should be denied.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The citations in this Background Facts and Procedural History section are to the case management and electronic court filing ("CM/ECF") numbers assigned in the underlying criminal case, *United States v. Jackson*, Western District of Washington case 14-5242 RJB, unless otherwise noted.

**A. PROCEDURAL HISTORY OF CRIMINAL CASE**

On September 16, 2014, Mr. Jackson, and his co-defendant James Young, were indicted on multiple sex trafficking offenses. Dkt. 29. Mr. Jackson was indicted in: Count 1: Conspiracy to Engage in Sex Trafficking by Force, Fraud, and Coercion in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(c); Counts 3-5: Sex Trafficking through Force, Fraud and Coercion in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1); Count 6: Conspiracy to Transport Females for Prostitution in violation of 18 U.S.C. § 371; and Counts 8-9: Interstate Transportation for the Purpose of Prostitution in violation of 18 U.S.C. § 2421. Dkt. 29.

As to Count One, the First Superseding Indictment charges that:

> From approximately June of 2013, and continuing through June of 2014, within the Western District of Washington and elsewhere, James R. Young and Tony J. Jackson, knowingly did conspire and agree with each other, in affecting interstate commerce, to recruit, entice, harbor, transport, provide, and obtain by any means, adult females, with the knowledge that force, fraud, and coercion, and any combination of such means, would be used to cause the adult females to engage in commercial sex acts.

*Id.,* at 1-2.

Mr. Jackson entered into a Plea Agreement with the government. Dkt. 137. As part of the agreement, Mr. Jackson agreed to plead guilty to Conspiracy to Engage in Sex Trafficking by Force, Fraud, and Coercion in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(c) as charged in Count One of the First Superseding Indictment. *Id.* In his Plea Agreement, Mr. Jackson indicated that he "understands that the statutory penalties applicable Conspiracy to Engage in Sex Trafficking by Force, Fraud, and Coercion in violation of 18 U.S.C. §§ 1591(a)(l) and 1594(c) are as follows: a maximum term of life imprisonment, a fine of up to $250,000.00, a period of supervision following release from prison of up to five (5) years, and a special assessment of $100.00." Dkt. 137, at 2. As is relevant here, the Plea Agreement further provided that "[n]otwithstanding the sentencing court's calculation of the applicable sentencing guideline range, the parties agree to recommend a sentence of not less than 120 months and not more than 180 months of imprisonment concurrent with any imprisonment imposed in Western District of Washington Cause Number 14-5584RBL." Dkt. 137, at 7. The Plea Agreement further provided that Mr. Jackson acknowledged "that by entering the guilty plea required by this plea agreement, [Mr. Jackson] waive[d] . . . [a]ny right to bring a collateral attack against the conviction and sentence . . . except as it may relate to the effectiveness of legal representation." *Id.*, at 9-10.

Mr. Jackson was represented by assigned counsel, Charles Johnston when he entered his guilty plea on November 20, 2015. Dkt. 136.

In the presentence investigation report ("PSR"), United States Probation calculated Mr. Jackson's sentencing guideline range under U.S.S.G. §2G1.1(a)(1). Dkt. 155, filed under seal. The PSR recommended the court find that the Mr. Jackson's base offense level was 34 under the theory that the conspiracy should be sentenced in the same manner as the substantive offense -

sex trafficking by force, fraud, and coercion. Dkt. 155, at 5. The PSR recommended that Mr. Jackson's total offense level be found to be 38, and his criminal history category was VI. *Id.* As a result, the PSR recommended a sentence range of 360 months to life. *Id.,* at 14.

Mr. Jackson's lawyer filed a sentencing memorandum, in which he agreed that the base offense level was 34, but argued that his total offense level should be lower, asserting that there should not have been a 2 level increase for victim J.H. and argued that the "multiple-count" adjustment regarding the number of victims was incorrect. Dkt. 170. Mr. Johnston agreed that Petitioner's criminal history category was VI and argued that Petitioner should receive a ten year sentence, the minimum of the agreed sentencing recommendation range. *Id.*

On April 22, 2016, the Court conducted a sentencing hearing. Dkts. 175 and 259. Mr. Johnston was present and represented Mr. Jackson. *Id.* At the hearing, Mr. Johnston discussed Mr. Jackson's difficulties in life, and argued that Petitioner's net offense level should be 31. Dkt. 259, at 3. The Court then turned to the question of the multiple count adjustment. Dkt. 259, at 3. Mr. Johnston, though he did not agree with Mr. Jackson, allowed Mr. Jackson to address the Court regarding his position. Dkt. 259, at 3-4. After Mr. Jackson addressed the Court, the undersigned responded:

> Well, you know, it is clear that I am not a fan of the guidelines, and this is another case where, however we compute the guidelines, all parties agree that the sentence should be less than the low end, low range of the guidelines. So this is mostly an academic exercise.
>
> Even with an offense level of 31, and a history of VI, we get to a guideline range of 188 to 235 months. In light of the complexity of the grouping issues, and Mr. Jackson's objections, I am inclined to just make a finding that the range is 188 to 235 months, because that finding gives the defendant the benefit of the doubt and will not affect the sentencing in this case.

Dkt. 259, at 5. Mr. Jackson's counsel then argued that he should be sentenced to ten years. Dkt. 259, at 8-13. The government argued he should be sentenced to 15 years. Dkt. 259, at 6. Mr.

Jackson was sentenced to 144 months of imprisonment. Dkt. 198. At the sentencing hearing, Mr. Jackson was sentenced to ten years of supervised release. Dkt. 259, at 16. He objected at the hearing, and argued he should only get five years. Dkt. 259, at 19. The undersigned told the lawyers to check the proper term and submit it to the Court. *Id.* On May 18, 2017, an Amended Judgment was entered, sentencing Mr. Jackson to 144 months of imprisonment and five years of supervised release. Dkt. 198, at 3.

Mr. Jackson did not file an appeal. On January 27, 2017, he filed the instant Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. Dkt. 268; refiled as Dkt. 1 in this case *Jackson v. United States*, Western District of Washington case 17-5064 RJB.

**B.  PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

The Petitioner asserts one ground for relief: ineffective assistance of counsel. Dkt. 1, *Jackson v. United States*, Western District of Washington case 17-5064 RJB. Mr. Jackson asserts his counsel was ineffective when he: (1) failed to object to the miscalculation of his base offense level at sentencing, (2) abandoned Mr. Jackson at sentencing "with all [his] contentions with regards [sic] to the multiple count adjustment," and (3) "Ex post Facto cause [sic] dealing with supervised release." *Id.*

Mr. Jackson also filed a Motion to Expand Record of § 2255 Petition with Affidavit Rule (7). Dkt. 4, *Jackson v. United States*, Western District of Washington case 17-5064 RJB.

In the Response, the government argues that Mr. Jackson's motions should be denied. Dkt. 8, *Jackson v. United States*, Western District of Washington case 17-5064 RJB. The government asserts that Mr. Johnston's performance was not deficient and that Mr. Jackson cannot show prejudice. *Id.*

Mr. Jackson filed a reply on March 24, 2017. Dkt. 13, *Jackson v. United States*, Western District of Washington case 17-5064 RJB. He again asserts that Mr. Johnston's representation of him was constitutionally deficient. *Id.*

The petition is ripe for decision. This opinion will first address the standard of review, the motion to expand the record, and whether an evidentiary hearing will be held. Then, this opinion will address Petitioner's claims of ineffective assistance of counsel claims regarding the: a) failure to object to the alleged miscalculation of Mr. Jackson's base offense level, b) for abandoning Mr. Jackson's contentions at sentencing regarding the multiple count adjustment, and c) "ex post facto cause [sic] dealing with supervised release." The opinion will lastly address whether a certificate of appealability should issue.

## II. DISCUSSION

### A. 28 U.S.C. § 2255

A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

### B. MOTION TO EXPAND THE RECORD

Rule 7 of the Federal Rules governing Section 2255 Proceedings provides that:

(a) **In General**. If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. . . .

(b) **Types of Materials**. The materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written

>interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record.

Mr. Jackson moves, pursuant to Rule 7, to expand the record to include his affidavit. Dkt. 4. In order to fully consider the issues in this case, Mr. Jackson's motion (Dkt. 4, *Jackson v. United States*, Western District of Washington case 17-5064 RJB) should be granted, and the Court will consider his affidavit.

### C. EVIDENTIARY HEARING

A petitioner is entitled to an evidentiary hearing on the motion to vacate a sentence under 28 U.S.C. § 2255 unless the motions, files, and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of the claim, and (2) even where the allegations are specific, whether the records, files, and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981). The petitioner has the burden of establishing the need for an evidentiary hearing. *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). The threshold test for determining if the petitioner has met this burden is whether the petitioner's allegations, if proved, would establish the right to collateral relief. *Townsend v. Sain*, 372 U.S. 293, 307 (1963).

Mr. Jackson has not demonstrated that he is entitled to an evidentiary hearing on this petition. While his allegations "delineate the factual basis of his claim," the records, files and affidavits in the record are "conclusive against the petitioner." *Taylor,* at 573. Mr. Jackson's allegations, even if proved, would not "establish the right to collateral relief." *Townsend*, at 307. In this case, Mr. Jackson should not be accorded an evidentiary hearing because his claims are meritless as demonstrated by the record before the Court. See *Blackledge v. Allison*, 431 U.S.

63, 73-74 (1977); *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989). An evidentiary hearing should not be held on this petition.

**D. INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner does not dispute that, in the plea agreement, he waived all challenges to his conviction or sentence, except those related to ineffective assistance of counsel. Dkt. 137, at 10. While such waivers may be akin to contracts of adhesion, and may be unfairly one-sided, the waiver was part of this agreement, and is not challenged here. Accordingly, Mr. Jackson raises his arguments by asserting Mr. Johnston was constitutionally defective in his representation. Mr. Jackson cannot receive relief asserting any other error.

A claim of ineffective assistance of counsel requires a petitioner to demonstrate: (1) that the defense attorney's representation fell below an objective standard of reasonableness and (2) that the attorney's deficient performance prejudiced the defendant such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court need only consider one of the *Strickland* prongs if it is dispositive. *Strickland,* at 87.

The test in *Strickland* "applies to challenges to guilty pleas based on ineffective assistance of counsel," like the claim asserted here. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In such challenges, the second *Strickland* prong, the prejudice prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.,* at 59. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *James v. Schriro*, 659 F.3d 855, 879-80 (9th Cir. 2011); *Strickland*, 466 U.S. at 689.

### 1. Failure to Argue that Mr. Jackson's Base Offense Level was 14 not 34

Mr. Jackson first argues that Mr. Johnston's performance was deficient because he should have argued that his base offense level was 14, rather than agreeing to a base level of 34. Dkt. 1-1, *Jackson v. United States*, Western District of Washington case 17-5064 RJB. Mr. Jackson cites to *United States v. Wei Lin*, 841 F.3d 823 (9th Cir. 2016) in support of his claim.

Decided almost six months after Mr. Jackson's April 22, 2016 sentencing, *Lin* was an appeal from a sentenced imposed after Lin pled guilty to conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c) and the remaining substantive sex trafficking offenses charged under 18 U.S.C. 1591(a) were dismissed. Lin attempted to withdraw his plea after advice from his attorney that his base offense level was 14. *Id.* The district court denied his motion to withdraw his plea, and sentenced him to 235 months in prison. *Id.*

The Ninth Circuit held that the district court erred in calculating Lin's base offense level as 34 rather than 14. *Id.* It noted that "the base offense level for a conspiracy to commit sex trafficking is the same as the base offense level for the underlying substantive sex trafficking crime." *Id.* (*citing* U.S.S.G. § 2X1.1(a)). It concluded then that "[t]he base offense level for sex trafficking is 34 'if the offense of conviction is 18 U.S.C. § 1591(b)(1)'. . . [o]therwise, the base offense level is 14." *Id.* (*quoting* U.S.S.G. § 2G1.1(a)(1) and *citing* U.S.S.G. § 2G1.1(a)(2). The Ninth Circuit held in *Lin,* that "U.S.S.G. § 2G1.1(a)(1) only applies to defendants who are subject to a fifteen-year mandatory minimum sentence under 18 U.S.C. § 1591(b)(1). Since Lin was not subject to 18 U.S.C. § 1591(b)(1)'s mandatory minimum, the district court erred in

applying § 2G1.1(a)(1) to Lin." *Wei Lin*, at 827.  Mr. Jackson points out, that like Lin, he pled guilty to conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1591(a) and 18 U.S.C. § 1594(c).  He notes, that like Lin, he was sentenced using a base offense level of 34, which, based on the Ninth Circuit's holding six months after his sentence, he contends was in error.  He asserts that Mr. Johnston's failure to properly determine and argue that his base offense level was 14 was constitutionally deficient.

In his affidavit, Mr. Jackson states that based on Mr. Johnston's erroneous assertions that his base offense level was 34, he agreed to the plea deal.  Dkt. 4-1.  Mr. Jackson states that had he "been correctly advised of the correct base offense level for this crime, [he] would have had an accurate understanding for the indictment and proceeded to trial."  Dkt. 4-1.

*a. Strickland Prong 1: Objective Standard of Reasonableness*

Mr. Jackson has failed to show that Mr. Johnston's advice regarding his base offense level "fell below an objective standard of reasonableness," in light of the circumstances at the time under the first *Strickland* prong.  In determining whether counsel's conduct was reasonable, courts use "the rule of contemporary assessment," that is, evaluating the performance at the time, without the benefit of hindsight.  *Maryland v. Kulbicki,* 136 S. Ct. 2, 4 (2015).  The Ninth Circuit's decision in *Lin,* clarifying how to calculate a base offense level for 18 U.S.C. § 1594(c), came out over six months after Mr. Jackson's plea and sentencing.  In part, it was based on the Ninth Circuit's view of the U.S. Sentencing Commission's "likely" intent in creating the statutory scheme.  *Lin,* at 826-827.  Mr. Jackson fails to show that Mr. Johnston should have known about the Sentencing Commission's likely intent regarding the statutory scheme or predicted that the Ninth Circuit would later rule in the manner it did.  His "attorney did not provide ineffective assistance by failing to anticipate decisions that were not available at the

ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 - 10

time" of Mr. Jackson's plea and sentencing. *See also the unpublished case of McCoy v. United States*, 19 Fed. Appx. 557, 558 (9th Cir. 2001) (*citing Strickland*, 466 U.S. at 689-90 (requiring a showing that attorney's actions were outside wide range of reasonable professional assistance, as evaluated from counsel's perspective at time of allegedly deficient performance)). Counsel is not expected to predict every change or clarification in the law. *See Kulbicki,* at 4-5. Based on the somewhat confusing language in the 18 U.S.C. § 1591 (a)(1) and 18 U.S.C. § 1594(c), the U.S. probation office, the U.S. attorney, Mr. Johnston, and the undersigned all found that Mr. Jackson's base offense level was 34. Mr. Jackson has failed to show that Mr. Johnston's performance regarding the calculation of his base offence level was "objectively unreasonable" under the first *Strickland* prong.

b. *Strickland Prong 2: Prejudice*

Mr. Jackson has not shown that he was "prejudiced," under the second *Strickland* prong, as a result of Mr. Johnston's conduct. The Court presumes that Mr. Jackson is correct and the base offense level was 14 rather than 34. He was charged with multiple counts of violations of sex trafficking through force, fraud and coercion in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1), each of which under *Lin*, would carry the 15 year minimum and the base offense level of 34. He admitted to conduct in the plea agreement that could have been punished under 18 U.S.C. § 1591(b)(1), which would have carried a 15 year mandatory minimum. In spite of these admissions in the Plea Agreement, Mr. Jackson was able to negotiate a deal which limited his sentence to a maximum of 15 years. If government counsel thought that the guideline offense level was only 14, they may not have agreed to the deal wherein Mr. Jackson avoided any mandatory minimum by adopting § 1594(c) as the punishment statute.

Mr. Jackson was also facing multiple fraud charges in another case, *U.S. v. Jackson*, Western District of Washington Cause Number 14-5548RBL. Mr. Johnston's advice to take the plea deal, which agreed to a sentence of no less than 120 months, but no more than 180 months, for both cases, was not constitutionally deficient in the circumstances. Mr. Jackson has not shown that Mr. Johnston's advice, even if it was erroneous as to the base offense level, "would have affected the outcome of the plea process." *Hill,* at 59.

Further, the plea agreement specifically provided that "[n]otwithstanding the sentencing court's calculation of the applicable sentencing guideline range, the parties agree to recommend a sentence of not less than 120 months and not more than 180 months of imprisonment concurrent with any imprisonment imposed in Western District of Washington Cause Number 14-5584RBL." Dkt. 137, at 7. "[E]rroneous predictions regarding a sentence are deficient only if they constitute gross mischaracterization of the likely outcome of a plea bargain combined with erroneous advice on the probable effects of going to trial." *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990)(*internal citations and quotations omitted*). The undersigned considered, but did not rely on the sentencing guidelines, and more heavily relied on the factors in 18 U.S.C. § 3553 in sentencing Mr. Jackson to 12 years, within parties' agreed plea agreement. Dkt. 259, at 15-19. Mr. Jackson has not shown that Mr. Johnston's predictions regarding his sentence was a "gross mischaracterization of the likely outcome of the plea bargain." *Keller*, at 1394. There is no evidence that Mr. Jackson was given erroneous advice on the probable effects of going to trial. *Id*.

Moreover, even though he asserts in his affidavit that he would have insisted on going to trial if Mr. Johnston had correctly informed him of the proper base offense level, he offers nothing in support of this assertion. "[I]n order to satisfy the 'prejudice' requirement, the

defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* at 9. Aside from his bare assertions, there is no evidence, certainly none that show there was a "reasonable probability" that but for Mr. Johnston's errors, Mr. Jackson would have insisted on going to trial <u>in both cases</u>, facing 15 year mandatory minimums and life in prison. Mr. Jackson has not shown he was prejudiced by Mr. Johnston's conduct.

### 2. Abandonment Regarding Multiple Count Adjustment

Mr. Jackson also assigns error to Mr. Johnston's "abandonment" of his arguments regarding a multiple count adjustment. Mr. Jackson makes no showing that either counsel's performance "fell below an objective standard of reasonableness" or that he was in any manner prejudiced. *Strickland*, at 694. The Court accepted Mr. Jackson's arguments at sentencing regarding the multiple count adjustment. The claim should be denied.

### 3. Failure to Object to Supervised Release Term of 10 Years

Mr. Jackson claims that counsel's performance was constitutionally defective because he failed to argue at the sentencing hearing that the proper term for supervised release was 5 years, not the 10 years he was eventually given. Mr. Jackson raised the issue at the hearing, the Court ordered counsel to investigate the issue and an amended judgement for 5 years supervised release was entered. Mr. Jackson has failed to show he was prejudiced, as required under *Strickland,* by counsel's decision not to raise the argument at the sentencing hearing because the term of supervised release was corrected. The claim should be denied.

**E. CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must determine whether to issue a Certificate of Appealability when the Court enters a final order adverse to a petitioner.

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this case on the merits. Mr. Jackson's claims are without merit. He has not made a substantial showing of the denial of a constitutional right. Reasonable jurists could not debate whether, or agree that, the petition should have been resolved in a different manner; the issues raised are not adequate to deserve encouragement to proceed further; and jurists of reason would not find it debatable whether the court was correct in its rulings. A Certificate of Appealability should be denied.

### III. ORDER

It is **ORDERED** that:

- Petitioner's "Motion to Expand Record of § 2255 Petition with Affidavit Rule (7)" (Dkt. 4, *Jackson v. United States*, Western District of Washington case 17-5064 RJB) **IS GRANTED**;

- Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1, *Jackson v. United States*, Western District of Washington case

17-5064 RJB; filed also at Dkt. 268 in *United States v. Jackson,* Western District of Washington case 14-5242 RJB) **IS DENIED;** and

- A Certificate of Appealability **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of April, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 - 15